

**Tannenbaum Helpern Syracuse & Hirschtritt** LLP

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

**Joseph D. Lockinger**
Direct Dial: (212) 508-6714
lockinger@thsh.com

June 4, 2018

**BY ECF**

The Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *O'Rourke v. Millesima USA LLC, et al.*
            Case No.: 18 Civ. 684 (LGS)

Dear Judge Schofield:

        We are the attorneys for Defendant Millesima USA LLC ("Millesima") in connection with the above-referenced public accommodation case brought pursuant to the Americans with Disabilities Act ("ADA"). We write, along with counsel for Plaintiff and Defendant Second Ave. 1355 Realty LLC ("Second Ave."), based on Your Honor's Order, dated May 31, 2018, (Dkt. # 24) ("Order"), to update the Court as to the status of the case. The parties apologize for this status letter being filed after the deadline set forth in the Case Management Plan. (Dkt. # 16)

        This case commenced on January 25, 2018, by the filing of Plaintiff's Complaint alleging, among other things, violations of the ADA. (Dkt. #1) ("Complaint"). Upon request, the Court extended the Defendants' time to respond to the Complaint through April 13, 2018. (Dkt. # 15). On April 13, 2018, Millesima filed its answer to the Complaint (Dkt. # 20), and on April 16, 2018, Second Ave. filed its answer to the Complaint. (Dkt. # 21).

        On March 28, 2018, the parties attended an initial pretrial conference with the Court. After the initial pretrial conference, the Court issued the Case Management Plan for this case. Under the Case Management Plan, Millesima was required to provide Plaintiff with a proposal for removing any barrier at the front entrance of the premises located at 1355 Second Avenue New York, NY 10021 ("Business"), by April 20, 2018. Millesima provided its initial proposal for removing existing barriers at the Business on March 22, 2018. On April 6, 2018, the Law Offices of Nolan Klein, P.A., filed a substitution of counsel form for Plaintiff and replaced Plaintiff's prior attorney in this case. (Dkt. #17). Millesima provided Plaintiff's new counsel with its proposal for removing the barrier at the front entrance on April 27, 2018.

[1071568-1]

The Case Management Plan requires all parties to serve their initial requests for production of documents and interrogatories by no later than April 30, 2018. On April 24, 2018, Plaintiff served document requests, interrogatories, and a request for the inspection of property on both Defendants via email. On May 21, 2018, Millesima requested an extension of time until June 8, 2018, to serve its responses to the documents requests, interrogatories, as well as the request for inspection of property. Plaintiff agreed to Millesima's request. In addition, on April 24, 2018, Plaintiff provided his initial disclosures, and on May 21, 2018, Millesima provided its initial disclosures. No other parties have served discovery requests, disclosures, or responses.

In the Case Management Plan, the parties agreed that the matter should be referred to a Magistrate Judge for a settlement conference, if the parties are unable to reach a resolution on their own. Millesima believes that if the parties are not able to resolve the case after its discovery responses are provided on June 8, 2018, the case should be referred to Magistrate Judge Robert W. Lehrburger to schedule a settlement conference. In the event that the settlement conference is unsuccessful in resolving the case, this would allow the parties enough time to complete whatever remaining discovery is necessary prior to the fact discovery deadline of July 26, 2018, set forth in Case Management Plan.

It is Plaintiff's position that he is willing to participate in settlement negotiations as outlined above; however, given the uncertainty of the Magistrate Judge's schedule as well as the other parties, Plaintiff does not agree to delay discovery for any period of time. Plaintiff will consider scheduling discovery in a manner conducive with settlement to the extent he will not be prejudiced.

Given the limited nature of the discovery in this case, the parties believe they are prepared to meet the currently set deadlines set forth in the Case Management Plan.

Thank you Your Honor for your consideration in this matter.

Respectfully submitted,

*/s/ Joseph D. Lockinger*

Joseph D. Lockinger

cc:   Law Offices of Nolan Klein, P.A., *Counsel for Plaintiff*
      Berliner & Pilson, Esqs., *Counsel for Second Avenue*

[1071568-1]